(Decided 15th March, 1892.)

PIEDMONT AND CUMBERLAND RAILWAY COMPANY *vs.* GABRIEL T. McKENZIE.

*Construction of Railway bridge—Extraordinary flood— Damage to property.*

A railway company is liable for damage done to property by the carrying away of its bridge by a flood of extraordinary and unusual violence, if the bridge was carried away because of its

negligent and unskilful construction; but if it was constructed in such manner, and was in such condition of repair, as to carry off the water of an ordinary flood and to resist the force of the same, and was carried away solely by reason of the unusual height and destructiveness of the flood, the company is not liable.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial of the case below, the plaintiff offered the two prayers following:

1. That if the jury shall find that the defendant in constructing a railroad bridge, spoken of by the witnesses in this case as the McKenzie bridge, built an embankment across a prong of the Potomac river on the West Virginia side, and then erected across the rest of said river an iron bridge, supported by several piers in said river; and shall further find, that said embankment and said piers were negligently and unskilfully constructed; and shall further find that on May 31, 1889, one of said piers gave way or washed out, thereby throwing down two of the spans of the superstructure of said bridge into the waters of the river in such a way as to obstruct the flow of the water in the regular channels of the river, and thereby concentrated and caused a great volume and strong current of water to flow in, upon, and down the large island of the plaintiff, and across and over his bottom lands, and thereby injured the crops and fences and soil upon the lands of the plaintiff; and if they further find, that but for the improper and negligent construction of the said bridge and embankment, the injuries complained of by the plaintiff, if they find such injuries, would not have occurred, then the plaintiff is entitled to recover.

2. That even if the jury find that the flood which carried away the pier and injured the bridge of the defend-

ant, spoken of in this case as the McKenzie bridge, was of unusual height, still, if they further find, that but for the improper and negligent construction of the bridge, the injuries complained of by plaintiff, if they find such injuries, would not have occurred, then the unusual height of the flood is no defence.

The defendant offered the six following prayers:

1. That if the jury believe from the evidence that the bridge spoken of in this case, with the approach thereto on the West Virginia side, and its piers and abutments, was so constructed, and in such condition of repair at the time of the flood of 1889, as to carry off the water of the ordinary high-water floods of the Potomac river and to resist the force of the same; and shall further find that the flood of 1889 was one of unusual and extraordinary height and destructiveness, and that the pier fell and the bridge was carried away because of such unusual height and destructiveness of the flood, and not by reason of any negligence and unskilfulness in the construction, then the jury must find for the defendant even though they may believe that the damages to the plaintiff, if any, resulted from the falling of such bridge and pier.

2. That even if the jury should believe from the evidence that the bridge spoken of in this case, the approach thereto on the West Virginia side, the piers or abutments were negligently constructed, yet the plaintiff cannot recover in this action for any damage to his land, crops or fences, unless it is further shown in the evidence that such damage resulted from such negligent construction.

3. (Rejected, because the same as No. 1 amended.) That if the jury find that the flood of 1889, which caused the injuries complained of by the plaintiff, was an unusual or extraordinary one, and would of its own force, without the alleged negligent acts or omissions of the

defendant, have caused such injuries, then the plaintiff cannot recover in this case.

4. That when the plaintiff sold and conveyed to the defendant, by deed offered in evidence, the strip of land through his farm for the construction of its road and bridge, spoken of in this case, and received compensation therefor, such compensation covered any damage that would likely result to the plaintiff after such road and bridge were properly constructed and maintained, and that were reasonably in contemplation of the parties to the deed; and the plaintiff cannot recover in this case for any damage done him in the flood of 1889, unless it is shown by the evidence that it resulted from the improper or negligent construction of said bridge, its approach on the West Virginia side, its abutments or piers.

5. That before the plaintiff can recover in this case, he must show by the evidence that the defendant failed to use ordinary care and diligence in the construction of its bridge, spoken of in this case, its piers or abutments, or in the location or construction of the fill on the West Virginia side; and further, that the damage to him would not have resulted but for the failure of the defendant to use such ordinary care and diligence.

6. That as it appears from the evidence that the flood of 1889, was the most extraordinary and unprecedented one (with the exception of the flood of 1877) which has occurred in the Potomac river for many years; the jury are to find that said flood of 1889 was an extraordinary and unusual one, and one that the defendant was not required to anticipate or provide against in the erection, construction or maintenance or location of its said bridge constructed in 1886.

The Court (Douglas, J.,) granted the plaintiff's prayers, and the first, second and fourth prayers of the defendant, the second being conceded, and rejected the

defendant's third, fifth and sixth prayers. The defendant excepted, and the verdict and judgment being against it, appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*C. W. Dailey,* and *Wm. Pinkney Whyte,* (with whom was *William J. Read,* on the brief,) for the appellant.

*David W. Sloan,* (with whom was *A. Hunter Boyd,* on the brief,) for the appellee.

BRYAN, J., delivered the opinion of the Court.

McKenzie brought suit against the Piedmont and Cumberland Railway Company, a body politic and corporate. The plaintiff averred in his declaration that the defendant had built a bridge across the Potomac river, and that it was constructed and maintained in so negligent a manner that its superstructure fell into the regular and usual channels of the river and obstructed the flow of its waters, and collected large quantities of logs, trees and débris, and changed and diverted the current of the river so as to overflow the lands of the plaintiff, wash away the soil, and destroy his fences and crops. The evidence showed that a great flood occurred in the Potomac river in May, 1889, and that defendant's bridge was carried away; that the superstructure fell into the stream and turned aside the course of the water and caused it to flow upon the plaintiff's land and wash away the soil, fences and crops, and inflict great damage. The evidence was very conflicting in reference to the construction of the bridge; tending on one side to show that it was not properly constructed, and on the other that it was constructed with more than ordinary care. The evidence on both sides showed that the flood of May,

Piedmont and Cumb. Railway Co. *vs.* McKenzie.

1889, was the greatest which had occurred in the Potomac for many years with the exception of the flood of 1877.

Two prayers were granted on the part of the plaintiff, and three on the part of the defendant. The instructions were in entire harmony with each other. They left it to the jury to find whether the bridge was negligently and unskilfully built, and whether the damage to the plaintiff was caused by such negligence and unskilful construction; and they told the jury that the plaintiff was entitled to recover if his damage was caused by the improper construction of the bridge; but that he could not recover if the bridge was constructed in such manner, and was in such condition of repair as to carry off the water of the ordinary floods of the Potomac, and to resist the force of the same, and if it was carried away because of the unusual height and destructiveness of the flood of 1889, and not by reason of its negligent and unskilful construction. These instructions seem to us to cover the case very fully. The third and fifth prayers of the defendant (which were rejected,) were merely repetitions in different language of what the Court had ruled on other prayers. The sixth prayer, (which was also rejected,) required the jury "to find that said flood of 1889 was an extraordinary and unusual one, and one that the defendant was not required to anticipate or provide against in the erection, construction or maintenance or location of its said bridge constructed in 1886." We might criticise the form of this prayer, but it is not material to make any comment on it; inasmuch as we suppose that it was an admitted fact at the trial that the flood of 1889 was very extraordinary and unusual in its violence. If, however, it was intended to instruct the jury that the defendant was not responsible for the damage caused by it, without making further explanation of the question, it was erroneous and mis-

leading, and was therefore properly rejected. It disregarded the evidence bearing on the construction of the bridge, and did not inform the jury what effect it ought to have on their verdict if they should find that it was defective and unskilful. If they found that notwithstanding the violence of the flood, the injury would not have occurred provided the bridge had been skilfully and properly built, the plaintiff was entitled to recover; and this qualification ought to have been made to the general proposition contained in the prayer. It proposed to instruct the jury that the defendant was not obliged to provide against extraordinary and unusual dangers; and this was unobjectionable as far as it went, but it left without notice the questions whether the bridge actually built was strong enough to resist ordinary and usual floods, and whether the damage was caused by deficiencies in this respect. We think that the prayer ought not to have left the jury without proper instructions on these points.

*Judgment affirmed.*

(Decided 15th March, 1892.)